CHICAGO, ST. LOUIS AND NEW ORLEANS RAILROAD CO.
*v.* J. S. JONES.

1. RAILROADS. *Regulation of speed. Exception to statute.*
   If a locomotive is running through a city at less than six miles an hour when animals jump into a trestle and render a collision inevitable, the speed may be increased, notwithstanding Code 1880, § 1047, in order to strike them with such momentum as to knock them off the track and avoid throwing the train from the bridge.

2. SAME. *Increase of speed. Safety of life.*
   The railroad company cannot escape liability under the statute unless the proof shows that its employees have been guilty of no default either of omission or commission, that a collision was inevitable, and that there was a chance that by increasing the speed beyond six miles an hour the danger to the train and persons on it would be diminished.

3. SAME. *Contributory negligence. Horses in towns.*
   An owner of domestic animals has the right to pasture them on the commons of incorporated towns, in the absence of local regulations to the contrary, and such conduct, though dangerous and reprehensible, does not diminish his right to compensation from those who injure them.

APPEAL from the Circuit Court of Carroll County.

Hon. C. H. CAMPBELL, Judge.

In this action of trespass on the case against a railroad company for killing the plaintiff's horses, the defendant moved for a new trial upon the ground, among others, of the court's refusal to give the following charges, which the company asked: 4. If there was negligence on the part of the plaintiff which contributed in any degree to the killing of the stock sued for, the jury will find for the defendant, although they believe the defendant was also guilty of negligence. 5. If the negligence of both the plaintiff and the defendant contributed to the killing, the plaintiff cannot recover, and the jury will find for the defendant. 6. If the negligence of the plaintiff in any way concurred to produce the killing at the time the stock were killed, the plaintiff cannot recover, and the verdict will be for the defendant. 7. Although the defendant was in default, the plaintiff cannot recover, unless the killing was intentional on the defendant's part or unless it was impossible for the plaintiff with the use of ordinary care and diligence to have avoided the consequences of the defendant's neglect. 8. If the plaintiff brought his horses into the town of Vaiden, and let them roam at large within the corporate limits of said town and in proximity to the railroad, then the plaintiff is guilty of contributory negligence, and cannot recover in this suit unless the defendant is guilty of gross negligence. 9. If the defendant was running its train at a greater rate than six miles per hour, yet the plaintiff cannot recover in this suit, if he let the horses run at large in proximity to the railroad in the town of Vaiden, and they were killed in the town. 10. Although the defendant's engine was running at a greater speed than six miles per hour when it struck the stock, yet if the danger of striking had become imminent, and it had become evident to the engineer that the collision might result in danger to himself and the engine, and that such danger would be lessened by a greater speed than six miles an hour, then he had a right to increase the speed of his train to over six miles an hour.

W. P. & J. B. Harris, for the appellant.

1. Before the collision the rate of speed was within the

statute, but, if we concede that at the moment of striking it was greater, this was to prevent a catastrophe. Adhering to the statute would not avert the lesser evil, and would involve the greater. The tenth instruction asked by the defendant was intended to meet this view of the case, and its refusal was error. The court should construe the statute (Code 1880, § 1047) with reference to this state of case. But there is no proof that, at the time of the collision, the train was running at a greater rate of speed than six miles per hour. On the contrary, the proof is that it was not.

2. The court clearly erred in refusing the fourth and fifth instructions asked by the defendant, which correctly state the law in reference to contributory negligence, and should have been given. *Indianapolis Railroad Co.* v. *Wright*, 22 Ind. 376; *Chicago Railway Co.* v. *Goss*, 17 Wis. 428; 4 Wait's Actions and Defences, 718. The party turning his stock out near the railroad assumes a risk. *Memphis Railroad Co.* v. *Blakeney*, 43 Miss. 218; *Raiford* v. *Mississippi Railroad Co.*, 43 Miss. 233; *New Orleans Railroad Co.* v. *Field*, 46 Miss. 573.

*B. W. Hirsh*, for the appellee.

1. The engineer testified that when he saw the horses he put on steam in order to protect the train. The protection of the property of the company was commendable. It showed a faithful servant. But should we suffer? There is a conflict of testimony as to speed. The engineer's testimony on this point is entitled to little consideration. If there is any wrong done, the blame is with him. Apart from the fact that, if he had sworn that the train was moving at a greater speed than six miles an hour, he would have been immediately discharged, the natural tendency of his mind would have been to self-exculpation, and not to a confession of guilt. The burden of proof was upon the company.

2. The instructions of the appellee are sound. They are in substantial compliance with the decisions of this court, and enunciate no new or novel doctrine. Counsel for the appellant seek to engraft a new principle upon the laws of this State, which, if sanctioned, would give railroads additional and unnecessary power, deprive residents of towns of the right of free pasturage, and probably necessitate the interposition of the

legislature. If railroads desired to avoid the risk they naturally incur from the ranging of stock, they should fence in their roads. They possess the means of protection, and, as public carriers, should exercise every possible vigilance in guarding life and property from destruction.

CHALMERS, C. J., delivered the opinion of the court.

The testimony, both for the plaintiff and the defendant, shows that the employees of the defendant used every care and caution necessary for avoiding the killing of the plaintiff's horses, and were guilty of no negligence whatever, unless it be true that, at the actual moment of collision, the train was running at a greater rate of speed than six miles per hour through the incorporated town of Vaiden. The testimony as to the speed is conflicting. The weight of it, we think, is with the defendant on this point; but as the verdict can be supported only on the theory that the jury thought otherwise, and as there was testimony which warranted them in so thinking, we cannot disturb the verdict unless error of law was committed against the defendant. The engineer testified that as the horses ran down the track before the locomotive, which was running at a very low rate of speed, one of them ran into or upon a trestle, and became at once so entangled in it that it was impossible for him to extricate himself, and the others halted and gathered in confusion around him. Though the train was running at the time at much less than six miles an hour, it was impossible to stop it, consisting as it did of nineteen cars, and there being a heavy down grade at the point. The train was within thirty yards of the animals, and the engineer realized that a collision was in any event inevitable. If the collision occurred at the low rate of speed at which the train was then running, the locomotive he said must run over the bodies of the animals, which would almost certainly result in throwing it off the trestle, and causing the destruction of the engine, and the probable death of himself and the fireman. If, however, the collision should occur when the rate of speed was greater, the animals would probably be thrown from the track, and the danger to the engine and its occupants be thereby averted. With a view of producing the latter result, he at

once turned on the steam, and attempted to quicken his speed. He thinks that even after this the train moved at less than six miles an hour; but as to this fact the defendant's witnesses, or some of them, differed from him, and we must assume, for the consideration of the question presented, that they were right and he wrong. The defendant by its tenth charge asked the court to instruct the jury that, if they believed that the above state of facts existed, and that it was necessary to quicken the speed with a view of lessening the danger, the defendant was not liable, even though the jury might believe that, at the moment of collision, the speed was greater than six miles an hour. This charge was refused by the court, and such refusal is assigned for error.

We think that the instruction should have been given. The lawgiver, in making railroad companies liable for all damage done by their trains when running through incorporated towns at a greater rate of speed than six miles an hour (Code 1880, § 1047), did not intend to force upon the employees in charge of a train, where every dictate of care and prudence has been observed, the alternative of conforming to the statute, at the risk of a destruction of the property and lives in their charge, or of disregarding the statute, in a *bona fide* attempt to preserve life and property, and thereby make the company liable for all damage accruing to third persons, though such damage was inevitable, no matter what rate of speed was observed. Such a construction (to use the illustration of Blackstone) would be as unreasonable as to make a surgeon guilty of shedding blood in the streets, under a statute prohibiting it, though such shedding was necessary to preserve the life of him whose blood was shed.

The railroad company would have no right to claim the benefit of the doctrine here announced, except where the proof showed that its employees had been guilty of no default either of omission or of commission, where a collision was in any event inevitable, and where there was at least a chance that, by increasing the speed, the danger to the train and to those upon it would be diminished. Where these facts concur, an increase of speed for the honest purpose of lessening the danger will impose no liability, and such, according to the testimony of the

engineer, was the state of facts in the case before us. It was for the jury to say whether they really existed, but the defendant had the right to demand that this theory of the law should be submitted to the jury. The instruction refused was not perhaps so strictly and accurately drawn as it might have been as to the absence of all previous negligence on the part of the defendant, but it substantially announced the law as here laid down, and the defendant was entitled to have it given to the jury.

The instructions on the subject of contributory negligence asked by the defendant were properly refused. We see no element of contributory negligence in the case. The owner of cattle or horses has the right, even in an incorporated town, to depasture them upon the commons, in the absence of any local legislation prohibiting it, and is not guilty of negligence in doing so. The risk which he thereby assumes is greatly increased, but such a practice, though dangerous and reprehensible, is not unlawful, nor does it diminish his right to demand compensation from those by whose fault damage is inflicted upon them.

For the error in refusing the tenth instruction asked by the defendant, the judgment is reversed, and a new trial awarded.

*So ordered.*